IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| IN RE:<br>MICHAEL TRICHILO | | Chapter | 7 |
| | Debtor(s) | Case Number: | 5-15-bk-01719 RNO |
| REGENCY FINANCE COMPANY | Plaintiff(s) | Adversary Number: | 5-15-ap-00123 RNO |
| v.<br>MICHAEL TRICHILO | Defendant(s) | | |

# **OPINION**

The Debtor has moved to dismiss the non-dischargeability Complaint as untimely filed. For the reasons stated below, I will grant the Motion to Dismiss but allow the Plaintiff twenty-one days to file an amended conforming complaint.

**I.     Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**II.     Facts and Procedural History**

Michael Trichilo ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 24, 2015. The required schedules and statements have been filed.

This Adversary Proceeding was commenced by a Complaint filed by Regency Finance Company ("Regency") on August 11, 2015. In sum, the Complaint alleges that Regency made an auto loan to the Debtor and that, "[t]he extension of credit was obtained by the use of materially false statements in writing respecting Defendant's [Debtor's] financial condition." Complaint to Determine Dischargeability of Debt Under

11 U.S.C. 523(a)(2)(B), ECF No. 1, p. 2, ¶ 8. The Complaint requests that Regency's claim be determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B)[1].

The Debtor has moved to dismiss the Adversary Proceeding alleging that the Complaint was untimely filed. The parties' briefs in support of and in opposition to the Motion to Dismiss have been filed and the matter is ripe for adjudication.

### III. Discussion

#### A. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

The Motion to Dismiss the Complaint alleges that Regency has failed to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6) provides that the defense of failure to state a claim upon which relief can be granted may be raised by motion. Rule 12 is made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7012. When considering an F.R.B.P. 7012(b)(6) motion to dismiss, the court must determine, viewing the facts in the light most favorable to the non-moving parties, whether the plaintiff has alleged a plausible claim for relief. *Bell Atlantic Corp., et al. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1995, 1966, 167 L.Ed.2d 929 (2007).

When considering a motion to dismiss, the alleged facts are viewed in the light most favorable to the plaintiff. Conversely, legal conclusions are not assumed to be correct at the motion to dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

---

[1] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA") or ("Bankruptcy Code").

The Third Circuit Court of Appeals has clarified the plausibility standard. In discussing *Iqbal*, the Third Circuit noted:

> The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted). *Also see, Tri-Valley Corporation, et al. v. DMJ Gas-Marketing Consultants, LLC*, 2015 WL 110074, *2 (Bankr. D.Del., Jan. 7, 2015); *In re Griffith*, 2014 WL 4385743, *3 (Bankr. M.D.Pa., Sept. 14, 2014).

When considering a motion to dismiss, the court considers the complaint, as well as attached exhibits and matters of public record. Fed. R. Bankr. P. 7010 (incorporating Fed. R. Civ. P. 10(c)); *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Taylor v. Henderson*, 2015 WL 452405, *1 (D.Del., Jan. 30, 2015). Also, Federal Rule of Evidence 201 allows the court to take judicial notice of facts that are not subject to reasonable dispute. The bankruptcy court may take judicial notice of the docket entries in a case and the contents of the bankruptcy schedules to determine the timing and status of case events as well as facts not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, 1991 WL 284107, *12, n.19 (Bankr. E.D.Pa., Jan. 11, 1991). In this case, I will take judicial notice of the docket in the Debtor's underlying Chapter 7 case, as well as the docket in this Adversary Proceeding. I will also take judicial notice of the contents of

3

the bankruptcy schedules which are not in dispute.

### B. Deadline for Filing a Non-Dischargeability Complaint

Federal Rule of Bankruptcy Procedure Rule 4007(c) provides, in part:

> Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007(c); *In re Adalian*, 500 B.R. 402, 409 (Bankr. M.D.Pa. 2013).

I take judicial notice that Regency was scheduled as a secured creditor on Schedule D of the Debtor's bankruptcy schedules which were filed with the Petition on April 24, 2015. I also take judicial notice that a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines was mailed to the scheduled creditors, including Regency, on April 29, 2015. The Notice includes:

**Deadlines:**
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 8/4/15**

Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, ECF No. 6, p. 3. The 341 meeting was held on June 5, 2015, and the Chapter 7 trustee has filed a Report of No Distribution.

The Complaint, which the Debtor seeks to dismiss, contains a single count and includes eighteen numbered paragraphs. Notably, the Complaint fails to allege that Regency did not timely receive the § 341 notice. I also take judicial notice that the

4

Chapter 7 docket shows that Regency failed to move to extend the dischargeability deadline prior to its expiration on August 4, 2015.

    **C.    Have Grounds Been Alleged to Extend the Dischargeability Deadline?**

Regency's brief in opposition to the Motion to Dismiss the Complaint argues that the dischargeability deadline should be extended because, ". . . the social security number Debtor used for his loan application to Plaintiff [Regency] was false." Brief is [sic] Support of Plaintiff's Objection to Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 10, p. 1. Regency's brief cites the Supreme Court case of *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). In *Kontrick*, Justice Ginsburg tells us that the bankruptcy rules setting the deadline for an objection to discharge are not jurisdictional because they are not objections to the court's subject matter jurisdiction. Further, the decision reiterates that objections to subject matter jurisdiction generally may be raised at any time. *Kontrick*, 124 S.Ct. at 915. Based upon this, the Supreme Court concluded that the debtor in *Kontrick* waived his timeliness objection when he did not raise it until after summary judgment had been granted in favor of the plaintiff/creditor in the non-dischargeability action.

I conclude that factually *Kontrick v. Ryan* is readily distinguishable from the case at bar. Here, the Debtor raised the apparent untimeliness of Regency's Complaint in the Motion to Dismiss which was filed only thirty-one days after the original Complaint was filed. Thus, any argument by Regency for waiver of the Rule 4007(c) deadline is unwarranted.

5

Case 5:15-ap-00123-RNO    Doc 11    Filed 11/16/15    Entered 11/16/15 10:17:34    Desc
Main Document      Page 5 of 9

I join other bankruptcy courts in holding that the untimeliness of a non-dischargeability complaint may be raised by a Rule 12(b)(6) motion to dismiss. *In re Martinsen*, 449 B.R. 917, 920 (Bankr. W.D.Wisc. 2011); *In re Lopresti*, 397 B.R. 62, 65-66 (Bankr. N.D.Ill. 2008).

I do appreciate that I should view the pled facts in the light most favorable to Regency. However, it is judicially noticed facts (e.g., dischargeability deadline and complaint filing date) which conclusively establish the untimeliness of this action. These facts are not reasonably in dispute.

Regency's brief also argues that other courts have allowed retroactive extensions for the filing of non-dischargeability complaints outside of the sixty-day time period. Brief is [sic] Support of Plaintiff's Objection to Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 10, p. 2. In this regard, Regency cites *Farouki v. Emirates Bank Int'l. Ltd.*, 14 F.3d 244 (4th Cir. 1994). In *Farouki*, the creditor bank filed a timely motion to enlarge the time to object to the debtor's discharge. The Fourth Circuit's decision notes that the debtor did not raise any untimeliness defense until he appealed to the Court of Appeals. *Farouki* 14 F.3d at 247. *Farouki* does state that the applicable bankruptcy rule "does not preclude the bankruptcy court from exercising its equitable powers in extraordinary cases." *Id.* at 248. However, the ultimate holding in *Farouki* is quite limited. In that case, the motion to extend the discharge deadline was timely filed but the issue presented was the creditor bank's request for reconsideration of the denial of the timely filed extension request. In *Farouki*, the motion for reconsideration was filed on the date the bankruptcy court denied the requested extension of the discharge objection deadline.

6

The decision in *Farouki* includes:

> **Although the excusable neglect rationale may not be available to excuse a failure to file within the initial time period,** we have found no authority suggesting that excusable neglect is not available to justify the grant of a motion for reconsideration filed on the same day that a timely filed motion for enlargement is denied.

*Id.* at 249 (emphasis added). I conclude that *Farouki* does not support Regency's argument.

Regency's brief also argues that the Rule 4007(c) deadline should be tolled "because of the fraudulent information provided to Plaintiff [Regency] . . .". Brief is [sic] Support of Plaintiff's Objection to Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 10, p. 4. However, the Complaint contains no allegations that the Debtor misled Regency in a manner such that it would not have recognized its claims within the Rule 4007(c) time limitation. The lack of specificity is particularly troublesome because of the requirement that fraud be pled with particularity concerning the circumstances. Fed. R. Bankr. P. 7009; *In re Adalian*, 474 B.R. 150, 158-59 (Bankr. M.D.Pa. 2012).

I am guided by the maxim that a bankruptcy judge should not render an advisory opinion. Federal courts have no jurisdiction to render advisory opinions. They cannot give opinions advising what the law would be upon a hypothetical set of facts. *Chafin v. Chafin*, 133 S.Ct. 1017, 1023, 185 L.Ed.2d 1 (2013). Federal courts, including bankruptcy courts, are limited to deciding only cases or controversies and should not render advisory opinions. *Unalachtigo Bank of the Nanticoke Lenni Lenape Nation v. Corzine*, 606 F.3d 126, 129 (3d Cir. 2010). Although a bankruptcy court has the power to determine the scope of the discharge injunction, it must be careful not to render any

advisory opinion in so doing. For example, a bankruptcy court finding that a creditor would be free to exercise its state law remedies after discharge was advisory and improper. Similarly, bankruptcy disputes that become moot are no longer justiciable. *In re Ciccimaro*, 364 B.R. 184, 189-90 (Bankr. E.D.Pa. 2007) (internal citations omitted).

I will note that at least one bankruptcy decision in the Third Circuit *assumed for purposes of argument* that equitable doctrines might extend the deadline under Rule 4007(c) for filing non-dischargeability complaints. In the case of *In re Pendergrass*, 376 B.R. 473 (Bankr. E.D.Pa. 2007), Judge Sigmund discussed the three required elements for a plaintiff to establish equitable tolling. Namely, (1) that the defendant actively misled the plaintiff; (2) that the misleading prevented the plaintiff from recognizing the validity of its claim within the time limitations; and, (3) the plaintiff's ignorance was not attributable to a lack of reasonable due diligence in attempting to uncover the relevant facts. *Pendergrass*, 376 B.R. at 479, citing *Cetel v. Kirwan Financial Group, Inc.*, 460 F.3d 494, 509 (3d Cir. 2006). Judge Sigmund determined that the error or negligence of the plaintiff's attorney in filing the complaint late, due to his unfamiliarity with the court's electronic filing system, did not allow for equitable tolling. *Pendergrass*, 376 B.R. at 479-80.

As a matter of judicial restraint, I will not decide a hypothetical question as to whether or not equitable tolling may be applied to extend the Rule 4007(c) dischargeability deadline. I simply conclude that within the four corners of this Complaint, nothing has been pled which plausibly shows that the Debtor actively misled Regency in a manner such that it could not recognize its claim, and file its complaint, within the applicable time period.

8

## IV. Conclusion

It is undisputed that the Complaint was filed seven days after the Federal Rule of Bankruptcy Procedure 4007(c) deadline. Therefore, I conclude that Regency has failed to state a plausible claim for relief. The Motion to Dismiss will be granted. However, I cannot definitively conclude that the filing of an amended complaint would be futile. I will, therefore, allow Regency twenty-one days to file an amended conforming complaint. A judgment consistent with this Opinion will be entered.

By the Court,

Date: November 16, 2015

Robert N. Opel, II, Bankruptcy Judge

(BI)

9

Case 5:15-ap-00123-RNO    Doc 11    Filed 11/16/15    Entered 11/16/15 10:17:34    Desc
Main Document      Page 9 of 9